**VIRGIN ISLANDS CONSERVATION SOCIETY, INC.,**
Petitioner

and

**ST. CROIX COASTAL ZONE MANAGEMENT COMMISSION,** Intervenor

v.

**VIRGIN ISLANDS BOARD OF LAND USE APPEALS,**
Respondent

and

**P.K.M. ASSOCIATES,** Intervenor

Civil No. 1987/334

District Court of the Virgin Islands

Div. of St. Croix

August 31, 1988

BRITAIN H. BRYANT, ESQ., St. Croix, V.I., *for petitioner*

SUSAN FREDERICK RHODES, Assistant Attorney General (Department of Justice), St. Thomas, V.I., *for respondent*

O'BRIEN, *Chief Judge*

## ORDER

THIS MATTER is before the Court via a writ of review granted to the Virgin Islands Conservation Society, Inc. ("VICS"). This citizens' group challenges a decision of the Virgin Islands Board of Land Use Appeals ("the Board") which reversed the St. Croix Committee of the Coastal Zone Management Commission ("the CZM Committee"). The CZM Committee had denied the application of P.K.M. Associates ("PKM") for approval of construction of approximately 41 condominium units at Plot 103 Cane Bay on the north shore of St. Croix. The Board, in reversing the CZM Committee, granted the permit with conditions.

We now reverse the Board and reinstate the decision of the CZM Committee.

## I. FACTS

PKM's application for a coastal zone permit was in the form of an Environmental Assessment Report ("EAR"). As is usual, the staff assisting the CZM Committee reviewed the EAR and made its recommendations to that body. The staff recommended approval, upon conditions.

Appropriate hearings were held by the CZM Committee. Thereafter, overruling the staff, it denied the application for a permit, citing two major reasons:

(1) It questioned whether the project was a permitted use under the zoning law.

(2) It found that the applicant had no satisfactory solution to the water runoff problem, which caused PKM to be denied a Water Quality Certificate by the Department of Conservation and Cultural Resources, Division of Natural Resources Management.

PKM timely appealed to the Board. The essence of the argument presented by PKM was that the CZM Committee acted in an arbitrary and capricious manner. At least that is what its attorney stated repeatedly at the hearing on PKM's appeal. (Transcript of Board Hearing, September 11, 1987, at 91, 96, 168–69; September 25, 1987, at 39.)

PKM did not file a brief in this Court, although it was permitted to intervene and granted an extension of time within which to file such a brief. Its attorney has withdrawn his appearance, citing differences with PKM.

The Board made no finding whether the CZM Committee had acted in an arbitrary or capricious manner, nor did it include any finding on the question whether the CZM Committee lacked substantial evidence to undergird its decision. In fact, it found the CZM Committee's action was "justified." (App. p. 38.)

## II. STANDARD OF REVIEW

The standard of review by the Board over CZM Committee decisions is contained in 12 V.I.R. & Regs. § 914-3, which states the Board may reverse if the CZM Committee decision was:

(a) in violation of constitutional, Organic Act of 1954 or statutory provisions;

(b) in excess of the statutory authority of the Commission, Committee, or Commissioner;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) erroneous in view of the reliable, probative and substantial evidence on the whole record; or

(f) arbitrary, capricious or characterized by abuse of discretion, or clearly unwarranted exercise of discretion.

Id.

For the purposes of this appeal, we are concerned with (f) above, since PKM never claimed that there was a lack of evidence to support the decision of the CZM Committee, at least on environmental issues. Rather, it alleged that it had been treated differently than other applicants. (Transcript of Board hearing, September 11, 1987, at 93; September 25, 1987, at 39.)

Therefore, we must determine whether the action taken by the CZM Committee on the PKM application can be characterized as a "willful and unreasonable action without consideration or in disregard of facts or without determining principle." Black's Law Dictionary 96 (5th ed. 1979).

## III. DISCUSSION

We will not enter the thicket of the first reason cited by the CZM Committee for denial of the application, i.e., whether the property

was zoned for the intended use. The applicant made its presentation to the CZM Committee emphasizing the economic benefits of a hotel type operation, but backpedalled considerably before the Board after the zoning question came into dispute. We need not reach that thorny issue.

We find that the action of the CZM Committee in denying the application on the second ground, i.e., water quality and control of runoff into the sea, was fully consonant with its authority under the law.

The Virgin Islands Coastal Zone Management Act of 1978, 19 V.I.C. § 901 et seq., governs the issue. Section 910(a)(2) is of particular note. It states in pertinent part:

> (2) A permit shall be granted if the appropriate committee ... finds that ... the development as finally proposed incorporates to the maximum extent feasible mitigation measures to substantially lessen or eliminate any and all adverse environmental impacts of the development; otherwise the permit shall be denied. The applicant shall have the burden of proof to demonstrate compliance with these requirements.

Id.

The CZM Committee's reasoning as to its denial of PKM's application on environmental grounds is succinctly stated in its letter to PKM of May 18, 1987. (App. at 33.) Essentially, it found that PKM did not meet its burden to demonstrate that storm water runoff with attendant sediment could be successfully managed. This point is amply supported by the fact of denial of a Water Quality Certificate, as previously noted.

Thus, a plan which would vitiate the deleterious environmental impact of storm water runoff was lacking. Under its authority pursuant to section 910(a)(2), the CZM Committee was well within its right to deny the permit. There was nothing arbitrary or capricious about it.

PKM attempted to sidestep this problem in its appeal to the Board, and it enjoyed a measure of cooperation from the Board in so doing. It attached to the appendix on appeal to the Board, a supplemental plan never presented to the CZM Committee. As the PKM attorney conceded to the Board:

> This is an enhanced version of the erosion and sedimentation control plan that was presented to the [committee] below.

Transcript of Board Hearing, September 11, 1987, at 91.

Also presented to the Board on appeal was a letter from Marsha Taylor of the staff of the division of Natural Resources Management, dated September 10, 1987, the day before the hearing. (Transcript of Board hearing, September 11, 1987, at 124–27.) Ms. Taylor supported the denial of the permit by the CZM Committee, but stated that the revised erosion and sedimentation control plan made the project acceptable. She also urged the Board to affirm the CZM Committee's action and refer the matter back to that body to consider the application in light of the new data.

It is clear from a reading of the transcripts of the hearings of September 11 and 25, 1987, that the "enhanced" plan and the letter had significant impact on the Board's reversal of the CZM Committee decision. As we stated in Virgin Islands Conservation Society, Inc. et al. v. Virgin Islands Board of Land Use Appeals, 21 V.I. 516 (D.V.I. 1985), the Board is restricted to the evidence tendered to the CZM Committee. Id. at 518 (citing 12 V.I.R. & Regs. § 914-2(f)). The Board concedes it considered the Taylor letter. (App. at 40.)

In a sense, though, this is all beside the point. Before the Board made any decision on its own on the grant of a permit, it first should have determined whether the CZM Committee erred. This it did not do, because a fair reading of the record indicates that the CZM Committee acted according to the law. The Board cites no error of any kind by the CZM Committee on the environmental issue. Its review of the CZM Committee's decision must be limited, as stated before, to the standard contained in 12 V.I.R. & Regs. § 914-3. Having found nothing in the CZM Committee's handling of the application which warranted reversal, the Board should have affirmed.

By so doing, it would have been up to PKM to seek relief again before the CZM Committee. This was the course of action recommended by Ms. Taylor in her letter. Unfortunately, in its own rush to judgment, the Board ignored this sound advice.

The Board must understand that, unlike its wide powers to review decisions of the zoning administrator provided for in 29 V.I.C. § 236, its authority over CZM Committee action under 12 V.I.C. § 914 and 12 V.I.R. & Regs. § 914-3 is severely limited.

The premises considered, therefore, it is

ORDERED:

THAT the decision of the Virgin Islands Board of Land Use Appeals reversing the decision of the St. Croix Committee of the Coastal Zone Management Commission is hereby REVERSED: and

THAT the decision of the St. Croix Committee of the Coastal Zone Management Commission which denied a permit to P.K.M. Associates with reference to Plot 103 of Cane Bay, St. Croix, is hereby REINSTATED and AFFIRMED.